IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MARK S. EDWARDS,** : | |
| Petitioner, : | |
| : | |
| v. : | Civ. No. 22-2491 |
| : | |
| **DAVID CLOSE, et al.,** : | |
| Respondents. : | |

### O R D E R

On June 18, 2022, *pro se* Petitioner Mark S. Edwards sought Section 2254 habeas relief from his state voluntary manslaughter and firearms convictions. (Doc. No. 1); 28 U.S.C. § 2254. I referred his Petition to Magistrate Judge Craig Straw for a Report and Recommendation. (Doc. Nos. 7, 22); 28 U.S.C. § 636(b)(1)(B). On August 21, 2024, Judge Straw recommended denying relief because the Petition was time-barred. (Doc. No. 22 at 5-6.)

On October 21, 2024, Edwards filed an appeal of Judge Straw's Report, which the Third Circuit dismissed because the Report was not a final decision of this Court. (See Doc. No. 26 at 1) (citing Cont'l Cas. Co. v. Dominick D'Andrea, Inc., 150 F.3d 245, 250 (3d Cir. 1998)). Edwards has not objected to Judge Straw's Report and the time to file objections has passed. (See Docket); R. Governing Sec. 2254 Cases 8(b). Accordingly, I must "satisfy [myself] that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b) advisory committee's note to 1983 amendment; see also Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987) (the district court must "afford some level of review" when no objections have been made). I agree with Judge Straw's recommendation and will deny Edwards' Petition.

**I.      BACKGROUND**

Edwards was sentenced on August 18, 2017, and timely appealed his convictions on

1

January 4, 2018.  See Commonwealth v. Edwards, CP-51-CR0008169-2015 (Phila. Cnty. Ct. Cm. Pl. 2015), Docket.  His appeal was denied on November 20, 2019.  Commonwealth v. Edwards, No. 127 EDA 2018, 2019 WL 6188579 (Pa. Super. Ct. 2019).  He was represented by counsel throughout.  Id. at *1.

He sought PCRA relief on August 11, 2020 and was appointed counsel, but his petition was dismissed as meritless on November 8, 2021, and he did not appeal.  See Ct. Cm. Pl. Letter to Pet'r, Sept. 16, 2021; Order Dismissing PCRA Pet., Nov. 8, 2021; Edwards, CP-51-CR0008169-2015, Docket.  Proceeding *pro se*, he filed the instant Petition on June 18, 2022.  (See Doc. No. 1); Burns v. Morton, 134 F.3d 109, 113 (3d Cir. 1997) (habeas petition deemed filed at the moment petitioner "delivers it to prison officials for mailing to the district court").

## II.     DISCUSSION

Having reviewed the Report, I see no clear errors.

The Antiterrorism and Effective Death Penalty Act's one-year filing clock begins running when a state court judgment is final.  28 U.S.C. § 2244(d)(1)(A).  This occurred for Edwards on December 20, 2019, when the time expired for him to seek allocatur to appeal the Superior Court decision affirming his conviction.  Id.; Edwards, 2019 WL 6188579; 42 Pa. C.S. § 9545(b)(3).  He timely filed his PCRA petition 235 days later, tolling the AEDPA limitations period.  42 Pa. C.S. § 9545(b)(1) (one-year limit to file PCRA petition); Edwards, CP-51-CR0008169-2015, Docket; 28 U.S.C. § 2244(d)(2).  The tolling ended on December 8, 2021, 30 days after Edwards' PCRA petition was dismissed.  Swartz v. Meyers, 204 F.3d 417, 421 (3d Cir. 2000) (tolling ends when time to appeal PCRA petition denial expires).  Edwards thus had until Monday, April 18, 2022 to file his Section 2254 Petition in this Court.  § 2244(d)(1)-(2).  He filed on June 18, 2022.  (See Doc. No. 1.)

2

Because he fails to explain his late filing, Edwards has not set forth any grounds for equitable tolling. (See Doc. No. 1 at 14-15; Doc. No. 22 at 5-6); § 2244(d)(1); Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005) (petitioner must have pursued "his rights diligently" and shown "some extraordinary circumstance stood in his way"). Accordingly, his Petition is untimely and must be denied.

\*     \*     \*

**AND NOW**, this 24th day of February, 2025, it is hereby **ORDERED** that:

1. The Petition for a Writ of Habeas Corpus (Doc. No. 1) is **DENIED as untimely**;

2. The Magistrate Judge's Report and Recommendation (Doc. No. 22) is **APPROVED AND ADOPTED**; and

3. There is no probable cause to issue a certificate of appealability.

4. The **CLERK of the COURT** shall mark this case closed for statistical purposes.

**IT IS SO ORDERED.**

*/s/ Paul S. Diamond*
_____
Paul S. Diamond, J.